MICHAEL LI-MING WONG, SBN 194130
  mwong@gibsondunn.com
PRIYANKA RAJAGOPALAN, SBN 278504
  prajagopalan@gibsondunn.com
JOSEPH TARTAKOVSKY, SBN 282223
  jtartakovsky@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone: 415.393.8200
Facsimile:  415.393.8306

PERLETTE MICHÈLE JURA, SBN 242332
  pjura@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone: 213.229.7000
Facsimile:  213.229.7520

*Attorneys for Defendant UBER TECHNOLOGIES, INC.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>　　　　　Defendant. | No. 15–CV–00424–SI<br><br>**NOTICE OF DEFENDANT UBER TECHNOLOGIES, INC.'S REQUEST FOR INCORPORATION BY REFERENCE, OR IN THE ALTERNATIVE, FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM**<br><br>HEARING<br>DATE:　　July 10, 2015<br>TIME:　　 9:00 a.m.<br>PLACE:　 Courtroom 10, 19th Floor<br>　　　　　 Hon. Susan Illston |

As detailed in Uber Technologies, Inc. ("Uber U.S.")'s concurrently filed motions to dismiss, three key contracts dispose of Plaintiff's complaint:

1. The Uber B.V. User Terms in place on August 18, 2014, when Plaintiff Jane Doe opened her Uber account in India (which are identical to the User Terms in force on December 5, 2014, when the alleged assault occurred) (herein "Jane Doe User Terms");

2. The Uber B.V. User Terms in place on March 29, 2014, when Plaintiff's friend Ayush Dabas opened his Uber account in India (herein, "Dabas User Terms"); and

3. The Transportation Provider Agreement applicable between Plaintiff's alleged assailant, Shiv Kumar Yadav ("Yadav"), and Uber B.V.

(*See* Declaration of Michael Li-Ming Wong ("Wong Decl."), ¶¶ 3–4 Exs. 1 & 2 (collectively "User Terms"), ¶ 5 Ex. 3 ("Transportation Provider Agreement").) All three of these contracts are contracts with Uber B.V., not Uber U.S. (*See id.*)[1]

The Court should consider these agreements in ruling on Uber U.S.'s motions. The doctrine of incorporation by reference allows a court to consider documents submitted with a defendant's Rule 12(b)(6) motion "where the complaint necessarily relies upon a document or the contents of the document are alleged in a complaint, the document's authenticity is not in question and there are no disputed issues as to the document's relevance." *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010); Fed. R. Civ. P. 10(c). This is so "even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Copies of the terms and conditions that govern disputes are among the contracts that defendants regularly introduce to defeat state tort claims. *See, e.g.*, *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006); *Schulz v. Cisco Webex, LLC*, 13-cv-04987-BLF, 2014 WL 2115168, at *3 (N.D. Cal. May 20, 2014). The policy behind the incorporation doctrine is to "[p]revent[] plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

---

[1] As noted in the concurrently filed Wong Declaration, Uber U.S. does not interpret Plaintiff's Complaint as alleging that her ride in India was requested pursuant to the Uber U.S. User Terms. (Wong Decl. ¶ 7.) Those User Terms contain a binding arbitration agreement. So, if Plaintiff's position is that those terms govern, then this suit would be improper in any event.

Plaintiff's Complaint necessarily relies on the Uber B.V. User Terms, as they define her and Dabas's relationship with any Uber entity for the purposes of the ride in question and likewise govern their alleged use of the software application ("App") that night. (*See* Wong Decl. ¶¶ 3–7.) Plaintiff uses her status as a "former loyal customer" to justify her claims. (*See, e.g.*, Compl. ¶ 7.) The Complaint alleges that Uber U.S. had a "duty to protect its customers." (*Id.* ¶ 12). It refers to the defendant's alleged failure to maintain security procedures for its "customers" or to take "customer safety measures." (*Id.* ¶ 73.) It alleges that Uber U.S. did not train or supervise Yadav's "conduct with customers" (*id.* ¶ 124), and that Plaintiff's injury occurred "after she used the Uber app to arrange a ride" (*id.* ¶ 7). It alleges that Uber U.S. advertised "customer safety" as a priority (*id.* ¶ 74), and failed to oversee vehicles transporting "customers" (*id.* ¶ 75).[2] Plaintiff only became a "customer" by consenting to the applicable User Terms as a condition of using the App. (*See* Wong Decl. ¶ 3.) The same is true of Dabas. (*See* Wong Decl. ¶ 4.)

The Complaint also necessarily relies on the Transportation Provider Agreement. The Complaint turns on Yadav's supposed legal relationship with Uber U.S., which Plaintiff characterizes as an employer-employee relationship. (*See* Compl. ¶¶ 55, 61, 66, 68, 126, 140, 147, 154, 162, 164.) Plaintiff alleges that Uber U.S. is "liable for the actions of its . . . employees" like Yadav (*id.* ¶ 141) and claims that Yadav committed a wrong while "performing his job duties" as "Defendant's employee" (*id.* ¶ 140). At least five of Plaintiff's claims explicitly require, as an element of liability, Yadav's status as an "employee." (*See id.* ¶¶ 124, 141, 148, 156, 163.) But Yadav's relationship was not with Uber U.S.—it was with Uber B.V.—and the Transportation Provider Agreement not only demonstrates that, but sets forth the terms of Yadav's relationship with Uber B.V., the only Uber entity with whom he has any relationship. (*See* Wong Decl. Ex. 3 at 1.1.1.)

---

[2] These are only some instances of the Complaint's thoroughgoing reliance on Plaintiff's status as a "customer." For more, *see, e.g.,* the Complaint's repeated references to those, like herself, who are Uber's "customers" (*id.* ¶¶ 2, 5, 9, 12, 19, 21, 79, 80, 94, 99, 124), its statement about "[c]ustomers, such as Plaintiff" (*id.* ¶ 93), its claims about "sacrific[ing] customer safety" (*id.* ¶ 10), and allegations about a failure to ensure "basic levels of customer safety" (*id.* ¶ 91), or "protocols for customer safety" (*id.* ¶ 92).

Thus, Plaintiff necessarily relies on both the User Terms and the Transportation Provider Agreement to establish the legal relationships on which her Complaint rests and on which her claims to relief are based. The authenticity of these contracts is not reasonably subject to dispute; the contracts are authenticated in detail in the concurrently filed Declaration of Conrad Whelan, an engineer for Uber B.V. (Wong Decl. ¶ 6.) Documents are considered authentic if they are "what its proponent claims." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1161 (9th Cir. 2012). Plaintiff cannot deny the existence and authenticity of the User Terms and Transportation Provider Agreement, and in fact is estopped from doing so, given her Complaint's inherent reliance on them.

Finally, the Court should consider a posting made to Uber's website on December 7, 2014, under the doctrine of incorporation. (*See* Wong Decl. ¶ 8, Ex. 4.) A defendant can introduce the contents of a website by incorporation. *See Knievel*, 393 F.3d at 1076. Plaintiff's Complaint expressly relies on statements that it attributes to Uber U.S. without providing any source. (*See* Compl. ¶ 74.) The precise statements quoted in the Complaint appear in a posting on Uber's website dated December 7, 2014. (*See* Wong Decl. ¶ 8, Ex. 4.) Although Plaintiff alleges that the quoted statements "have been proven to be hollow and false" (Compl. ¶74), Plaintiff fails to note that the statements were made *in response to* the alleged assault. (*See* Wong Decl. ¶ 8, Ex. 4.)

In the alternative, the Court can take judicial notice of all of these materials, since they are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *In re Yahoo Mail Litig.*, 7 F. Supp. 3d 1016, 1024 (N.D. Cal. Aug. 12, 2014). Such materials include webpages and contractual user terms—and courts in this district have previously held that Uber Terms and Conditions are subject to judicial notice. *See e.g.*, *O'Connor v. Uber Techs., Inc.*, 13–cv–3826–EMC, 2014 WL 4382880, at *1 n.2, *7 n.4 (N.D. Cal. Sept. 4, 2014) (granting judicial notice of Uber's Terms and Conditions posted on Uber's website); *see also, e.g.*, *Herskowitz v. Apple Inc.*, 940 F. Supp. 2d 1131, 1140 n.1 (N.D. Cal. 2013) (taking judicial notice of Terms and Conditions for downloading apps); *Datel Holdings Ltd. v. Microsoft Corp.*, 712 F. Supp. 2d 974, 985 (N.D. Cal. 2010) (taking judicial notice of printouts from defendant's website).

Accordingly, Uber respectfully requests that the Court find the following incorporated by reference or, alternatively, grant Uber's request for judicial notice of these documents:

1. The Jane Doe User Terms (a true and correct copy of the Uber B.V. User Terms in force both on the date that Plaintiff's Uber account was created and on the date of the alleged incident (December 5, 2014)), attached as **Exhibit 1** to the Wong Declaration.

2. The Dabas User Terms (a true and correct copy of the Uber B.V. User Terms in force on the date that Dabas created his Uber account), attached as **Exhibit 2** to the Wong Declaration.

3. Shiv Kumar's Transportation Provider Agreement, which was in force the day that Yadav registered with Uber B.V. as a transportation provider in India. A true and correct copy is attached as **Exhibit 3** to the Wong Declaration.

4. The webpage at URL http://blog.uber.com/delhi-statement-update (last accessed April 4, 2015). A true and correct copy is attached as **Exhibit 4** to the Wong Declaration.

Dated: April 6, 2015

                                      MICHAEL LI-MING WONG
                                      PERLETTE MICHÈLE JURA
                                      PRIYANKA RAJAGOPALAN
                                      JOSEPH TARTAKOVSKY
                                      GIBSON, DUNN & CRUTCHER LLP

                              By:  /s/ Michael Li-Ming Wong
                                        Michael Li-Ming Wong

                            *Attorneys for Defendant UBER TECHNOLOGIES, INC.*

101874409.11