MICHAEL LI-MING WONG (SBN 194130)
  mwong@gibsondunn.com
PRIYANKA RAJAGOPALAN (SBN 278504)
  prajagopalan@gibsondunn.com
JOSEPH TARTAKOVSKY (SBN 282223)
  jtartakovsky@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
555 Mission Street, Suite 3000
San Francisco, CA 94105-0921
Telephone:    415.393.8200
Facsimile:    415.393.8306

PERLETTE MICHÈLE JURA (SBN 242332)
  pjura@gibsondunn.com
333 South Grand Avenue
Los Angeles, CA  90071-3197

*Attorneys for Defendant Uber Technologies, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE,<br><br>                 Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC.,<br><br>                 Defendant. | No. 15–cv–00424–SI<br><br>**DECLARATION OF MICHAEL LI-MING WONG IN SUPPORT OF:**<br><br>**(1) MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6) FOR FAILURE TO STATE A CLAIM, AND**<br><br>**(2) DEFENDANT'S NOTICE OF REQUEST FOR INCORPORATION BY REFERENCE, OR IN THE ALTERNATIVE, NOTICE OF MOTION AND MOTION FOR JUDICIAL NOTICE IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(B)(6)** |

I, Michael Li-Ming Wong, declare:

1.   I am counsel of record for Defendant Uber Technologies, Inc. ("Uber U.S.").

2.   I submit this declaration in support of Defendant's (1) Motion to Dismiss Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6) and (2) Notice of Request for Incorporation by Reference, or in the Alternative, Motion for Judicial Notice.  I make this declaration based on my own personal knowledge.

3. Attached as Exhibit 1 is a true and correct copy of the Uber B.V. User Terms in force on August 18, 2014 (the date that Plaintiff Jane Doe opened her Uber account in New Delhi, India, and consented to the applicable User Terms as a condition of using the App). The User Terms remained in force on December 5, 2014 (the night in question). All India-based users who create an Uber account must consent to the Uber B.V. User Terms before they can use the Uber Application.

4. Attached as Exhibit 2 is a true and correct copy of the Uber B.V. User Terms in force on March 29, 2014, when Plaintiff's friend Ayush Dabas opened his Uber account in New Delhi, India, and consented to the applicable User Terms as a condition of using the App.

5. Attached as Exhibit 3 is a true and correct copy of the Transportation Provider Agreement between Uber B.V. and Shiv Kumar Yadav, into which Yadav entered on or about June 27, 2014.

6. Exhibits 1 through 3 have been authenticated to me by Conrad Whelan, an Uber B.V. engineer, who has submitted a declaration in support of Uber U.S.'s concurrently-filed motion contending that this is the wrong court for these proceedings.

7. The Uber U.S. User Terms applicable to all U.S.-based App users on December 5, 2014 (the night in question) contain a binding arbitration agreement. It is my understanding that Jane Doe is not asserting a claim based on the U.S. User Terms, inasmuch as the ride in question occurred in India. Uber U.S. does not contract with riders who are based outside the U.S. and use the App to request rides outside the U.S.

8. Attached as Exhibit 4 is a true and correct copy of the webpage at http://blog.uber.com/delhi-statement-update (last accessed April 4, 2015).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of April, 2015, in San Francisco, California.

/s/Michael Li-Ming Wong
MICHAEL LI-MING WONG